UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:17-CV-2698 NCC |
| | ) |
| ANTHONY HAYNES, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition will be summarily dismissed without prejudice because petitioner has not exhausted his available state remedies before bringing the petition in this Court.

Petitioner is currently in the custody of the Federal Bureau of Prisons, Forrest City Low, in Forrest City Arkansas serving a federal sentence of 130 months imprisonment on drug and gun charges. Petitioner's federal sentence was entered by this Court on December 5, 2014. *See United States v. Carter*, No. 4:13-CR-334 JAR (E.D. Mo. filed Dec. 5, 2014). He has filed two motions to vacate this sentence under 28 U.S.C. § 2255: *Carter v. United States*, No. 4:16-CV-25 JAR (E.D. Mo. filed Jan. 7, 2016) (currently pending); and *Carter v. United States*, No. 4:15-CV-389 JAR (E.D. Mo. filed Feb. 26, 2015) (dismissed without prejudice as premature pending direct appeal).

Prior to his federal charges, in 1993, petitioner pled guilty in state court to felony murder and armed criminal action. The Circuit Court for the City of St. Louis sentenced petitioner to life imprisonment on October 21, 1993. Petitioner was released on parole on March 12, 2010. Based on a review of petitioner's presentence investigation report prepared in *United States v.*

*Carter*, No. 4:13-CV-334 JAR (Doc. 131), plaintiff's parole in his state court criminal case is "pending revocation."

In the instant petition, petitioner challenges any revocation of his parole in state court. Based on the Court's research, however, it is unclear whether petitioner's parole in state court has been revoked. Assuming the Missouri Board of Probation and Parole revoked petitioner's parole based on his federal convictions, however, plaintiff has filed this petition without first challenging the Board's decision in the Missouri courts.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Plaintiff is currently serving a 130 month sentence on federal drug and gun charges. *See United States v. Carter*, No. 4:13-CR-334 JAR. Although petitioner's instant 28 U.S.C. § 2254 petition is difficult to decipher, it appears petitioner is challenging any decision to revoke his parole in state court based on his federal convictions.

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973). Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. *Wayne v. Mo. Bd of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996).

A review of Missouri's state law docketing system on Missouri Case.net indicates that petitioner's Missouri state parole has not been revoked. Furthermore, even if petitioner's parole

had been revoked, he has not challenged his parole decision in state court. Assuming Missouri's Board of Probation and Parole has revoked petitioner's parole based on his federal convictions, petitioner has not exhausted his available state remedies. Because petitioner has not exhausted his available state remedies, the Court will dismiss the petition without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of March, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE